**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Brandon Smith, | ) | No. CV-12-2391-PHX-FJM |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| City of Chandler, et al., | ) ) | |
| Defendants. | ) ) ) | |

Before the court is defendants' motion for attorney's fees and non-taxable costs (doc. 59), defendants' memorandum in support (doc. 60) and supplements to the motion (docs. 65, 67), plaintiff's response (doc. 61), and defendants' reply (doc. 66).

On April 16, 2014, we granted defendants' motion for summary judgment on plaintiff's Fourth Amendment claim under 42 U.S.C. § 1983 for excessive use of force and state law claim for negligence (doc. 55). Plaintiff has appealed that decision.

As the prevailing parties, defendants now contend that they are entitled to attorney's fees and costs on the state law negligence claim pursuant to A.R.S. § 13-420. Defendants seek $125,466.50 in fees and $57,349.25 in non-taxable costs. Notably, defendants do not seek fees on their Fourth Amendment claim under 42 U.S.C. § 1988.

**A.**

We first deny plaintiff's request that we take the motion for attorney's fees under

advisement pending the Ninth Circuit's ruling on plaintiff's appeal. There is no basis to delay a ruling on this motion. Plaintiff can appeal an award of fees, then move to consolidate the appeals before the Ninth Circuit. Moreover, the Federal Rules of Civil Procedure allow a party to obtain a stay on execution of a judgment, including a fee award, by posting a supersedeas bond. Fed. R. Civ. P. 62(d). Having failed to set forth a reason to delay a decision, plaintiff's request to take the motion under advisement is denied.

**B.**

Plaintiff filed two claims based on the same conduct by Officer Smith—the firing of two beanbag rounds at plaintiff's leg. Plaintiff asserted a Fourth Amendment claim for excessive force under 42 U.S.C. § 1983, and a state law claim for negligence. Defendants prevailed on both the federal and state law claims. Arizona law provides that a court "shall" award reasonable attorney's fees and costs incurred by a defendant who prevails "in the defense of any civil action based on conduct otherwise justified pursuant to this [Justification] chapter." A.R.S. § 13-420.

We have already concluded that Officer Smith's use of non-deadly force, in the form of two beanbag shots to Brandon's leg, to subdue and disarm Brandon before he injured himself or others, was reasonable and justified. (Order on MSJ at 7-8 (doc. 55) (citing A.R.S. § 13-409 (use of force by law enforcement to effect an arrest or detention, or prevent escape) and § 13-403(4) (use of force to prevent suicide or injury to one's self)). Because defendants' conduct was justified under Arizona's Justification statute, defendants are entitled to reimbursement of their reasonable attorney's fees and costs associated with plaintiff's negligence claim. See A.R.S. § 13-420.

Plaintiff presents several arguments against an award of fees. He first contends that defendants' conduct was not justified under § 13-409 because the force was not used to effect an arrest or detention. Although there was no arrest during the short time that the officers were on the scene, it is clear that Brandon was "detained" for investigatory purposes at the moment the beanbag gun was fired. The officers were responding to a 911 call placed by Brandon's father and stepmother because of their concern that Brandon, armed with a knife,

1  was a threat to himself or others. In responding to the 911 call, the officers were authorized
2  to briefly detain Brandon in order to investigate the circumstances for the call. Therefore,
3  Officer Smith's conduct fits within A.R.S. § 13-409.

4  Plaintiff also argues that awarding attorney's fees to the defendant officer and city
5  under A.R.S. § 13-420 would conflict with A.R.S. § 12-348, which plaintiff believes
6  demonstrates a legislative intent to deny government entities fee awards in civil actions. We
7  disagree that § 12-348 has any application in this case.

8  Section 12-348 provides attorney's fee awards to a prevailing party, other than a state,
9  city, town or county, under specifically described circumstances, none of which applies in
10 this case. Although the Arizona legislature chose to deny fee awards to government entities
11 under the circumstances described in § 12-348, it did not impose the same limitation in § 13-
12 420. Instead, § 13-420 broadly grants reasonable attorney's fees and costs to "a party that
13 prevails" in the defense of any civil action based on conduct (including conduct of law
14 enforcement officers) that is "justified" under A.R.S. §§ 13-401–13-421.

15 Finally, plaintiff argues that § 13-420 must not be applied in this case because of the
16 doctrine of conflict preemption. Plaintiff contends that awarding fees to a prevailing
17 government defendant under § 13-420 conflicts with 42 U.S.C. § 1988, which allows
18 attorney's fees to a prevailing government defendant in a federal civil rights action only
19 when the court finds that the plaintiff's claims were "frivolous, unreasonable, or without
20 foundation." Hughes v. Rowe, 449 U.S. 5, 14, 101 S. Ct. 173, 178 (1980). No such showing
21 is required to award fees to a prevailing defendant under § 13-420.

22 "Conflict preemption is found where compliance with both federal and state
23 regulations is a physical impossibility, or where state law stands as an obstacle to the
24 accomplishment and execution of the full purposes and objectives of Congress." Bernhardt
25 v. Los Angeles Cnty., 339 F.3d 920, 929 (9th Cir. 2003) (citation omitted). In other words,
26 a "hostile state rule is preempted to the extent it actually interferes with the 'methods by
27 which the federal statute was designed to reach [its] goal.'" Ting v. AT&T, 319 F.3d 1126,
28 1137 (9th Cir. 2003),(quoting Int'l Paper Co. v. Ouellette, 479 U.S. 481, 494, 107 S. Ct. 805,

- 3 -

813 (1987)). Plaintiff argues that because the same conduct by Officer Smith forms the basis of both the federal civil rights claim and the state law negligence claim, application of § 13-420 would pose an obstacle to "the full purposes and objectives of Congress as exemplified in § 1988." Response at 5. We disagree.

Section 1988 was enacted to "attract competent counsel to represent citizens deprived of their civil rights," Evans v. Jeff D., 475 U.S. 717, 731, 106 S. Ct. 1531, 1539 (1986), and to "encourage compliance with and enforcement of the [federal] civil rights laws," Dennis v. Chang, 611 F.2d 1302, 1306 (9th Cir. 1980). Accordingly, section 1988 limits the circumstances under which fees may be awarded to a prevailing government defendant in a federal civil rights case. In contrast, A.R.S. § 13-420 applies to plaintiff's state law negligence claim only. This creates no obstacle to the policies promoting the enforcement of federal civil rights laws. Although A.R.S. § 13-420 may cause plaintiff's counsel to consider the ramifications of filing a state law negligence claim in addition to a 42 U.S.C. § 1983 claim, conflict preemption does not preclude application of A.R.S. § 13-420 in this case.

**C.**

Plaintiff does not challenge the amount of the fees or costs requested, nor does he suggest that the hours incurred developing the negligence claim are separable from those incurred on the § 1983 claim. Our own review demonstrates that the fees requested are reasonable. Defense counsels' hourly rates of between $150 to $200 are reasonable in the Phoenix metropolitan area. Plaintiff does not challenge the claimed number of hours expended in defense of this action, and our own review indicates that the hours were reasonably incurred.

Certain claimed non-taxable costs, however, do not meet the reasonableness test. Defendants hired two experts residing in California, one at a rate of $200 an hour, and the other at a rate of $650 an hour. Although defendants are free to hire any expert of their choosing, including an out of town expert at an exorbitant rate, these choices are unlikely to pass the reasonableness test in a fee shifting analysis.

Almost $40,000 of the $57,000 claimed in non-taxable costs consist of payments made to Mace Beckson, M.D. at a rate of $650 an hour for a total of 61.25 hours. This is excessive by any standard. Instead, a reasonable rate for a medical expert in Phoenix, Arizona is $300 an hour. Accordingly the expert fees allowed for Dr. Beckson are reduced by $21,437.50.

We also note issues with the travel charges related to defendants' expert witnesses. Defendants' second expert, Ron McCarthy, charged $1,020 in mileage and time to drive from California to Arizona for a 3-hour meeting with defense counsel. These charges are excessive considering that a one hour flight from California to Arizona costs about $200.00. Defendants are entitled to only reasonable costs. Accordingly, we reduce these claimed fees by $820.00.

Finally, defense counsel claims costs of a trip to California from Arizona to attend the depositions of both defense experts. Although the depositions took place on two consecutive days, counsel billed for a 4-day car rental and for change fees on her return flight on Sunday. Fees related to personal travel are not reasonably included in a motion for attorney's fees and costs. Accordingly, the travel fees requested are reduced by another $200.00.

Therefore, we reduce defendants' requested costs by a total of $22,457.50, for a final award of non-taxable costs in the amount of $34,891.75.

**D.**

**IT IS ORDERED GRANTING** defendants' motion for an award of attorney's fees and costs (doc. 59) and awarding defendants $125,466.50 in fees and $34,891.75 in non-taxable costs.

DATED this 25th day of November, 2014.

_Frederick J. Martone_
Frederick J. Martone
Senior United States District Judge