WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Smith, | No. CV-12-02391-PHX-FJM |
| Plaintiff, | **ORDER** |
| v. | |
| City of Chandler, et al., | |
| Defendants. | |

The Court has before it Plaintiff's Motion for New Trial (Doc. 189), and Defendants' Response (Doc. 190), to which no Reply has been filed. Also before the Court is Defendants' Motion for Attorneys' Fees and Non-Taxable costs (Doc. 188), Plaintiff's Response (Doc. 191), and Defendants' Reply (Doc. 192).

**I.**

Plaintiff's motion for new trial is much the same as his response to Defendants' Renewed Motion for Judgment as a Matter of Law. Plaintiff contends that his attempted suicide was foreseeable and therefore could not have been a supervening cause of his injuries. But while foreseeability is a necessary condition for proximate causation, it is not a sufficient condition. As we carefully outlined in our Order of April 27, 2017 (Doc. 179), there was neither contention nor evidence that Defendants' conduct caused the pre-existing, underlying mental condition that itself caused the suicide attempt. This is a requirement of Arizona law. Although Plaintiff contends that we are incorrect that he failed to address the relevant Arizona cases, Motion at 2, it is painfully plain that we were

quite correct in asserting that he failed to address the three relevant cases. Order of April 27, 2017 at 2. At all events, Plaintiff's failure to file a Reply to the Defendants' Response speaks volumes. The motion will be denied for all the reasons stated in our Order of April 27, 2017 (Doc. 179).

**II.**

Defendants contend that they are entitled to fees and costs under A.R.S. §13-420 for having prevailed on the state law negligence claim. Defendants concede that they are not entitled to fees and costs for having prevailed on the federal claim. At an earlier stage of this proceeding, we granted fees on the state claim and rejected the arguments Plaintiff makes here. Order of November 25, 2014 (Doc. 68). Plaintiff does not contest the amount of fees and costs sought but does contend that justification within the meaning of the statute is not present, that §13-420 does not apply to this case, that it nevertheless conflicts with another Arizona statute, and that federal preemption precludes a fee award here. We need not repeat what we said the last time. It is sufficient to state that justification is established by the jury's finding against Plaintiff on the federal claim of excessive force, that §13-420 does apply, that it does not conflict with another Arizona statute and that while federal preemption would bar a state from adopting a fee award regime on the federal claim that differed from that imposed by 42 U.S.C. §1988, it does not bar a state from adopting its own fee regime on state claims. Indeed, a state could choose to not create a state cause of action, let alone set forth its own conditions for fee shifting on the state claim it does create.

Plaintiff makes no attempt to separate fees incurred on the federal claim from those incurred on the state claim. This would be difficult but not impossible. A rough approximation would be reasonable. We know, for example, that the state negligence claim is broader than the federal excessive force claim. It extends to conduct other than the use of the bean bag. We know, also, that Defendants could have, but did not, assert as a basis for summary judgment on the state claim that the attempted suicide was a supervening cause that broke the chain of proximate causation. See Motion for Summary

Judgment at 15 (Doc. 35); Motion in Limine No. 4 (Doc. 88). This would have removed the state claim early in the proceedings so that it would not become the tail that wags the dog. At bottom, this was always predominantly a federal excessive force claim.

Plaintiff, too, could have avoided the risk of fees by asserting only the federal claim. He may have asserted the state negligence claim simply because negligence is easier to prove than a violation of a federal Constitutional right. Or, he may have concluded that being impecunious, a fee award would constitute no practical risk.

Nevertheless, at this stage of the proceedings, we are not comfortable awarding fees under state law for the entire case where, as here, the federal claim (for which fees are not awarded) predominates. Based upon our involvement in this case, including the trial, we think a fair and reasonable allocation of fees is 75% federal and 25% state. The motion will be granted in part in the amount of $95,258.00 in attorneys' fees and $17,975.00 in non-taxable costs, which constitute 25% of the fees and costs sought.

**III.**

Accordingly, it is ORDERED as follows:

1. Plaintiff's Motion for New Trial is DENIED (Doc. 189).

2. Defendants' Motion for Attorneys' Fees and Non-Taxable Costs is GRANTED IN PART, in the amount of $95,258.00 in attorneys' fees and $17,975.00 in non-taxable costs (Doc. 188).

Dated this 9th day of August, 2017.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge