**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Smith,<br><br>   Plaintiff,<br><br>vs.<br><br>City of Chandler; Keith Smith,<br><br>   Defendants. | No. CV 12-02391-PHX-FJM<br><br>**ORDER** |

The court has before it Defendants' Motion to Compel Plaintiff to Pay for Transcripts (Doc. 203), Plaintiff's response (Doc. 204), and Defendants' reply (Doc. 205).

This motion arises under Rule 10-3.1(f), Rules of the Ninth Circuit. The parties are unable to agree over those portions of the transcript necessary for Plaintiff's appeal, and who should bear the cost.

Plaintiff's Notice of Appeal (Doc. 197) appealed from, among other things, "the jury verdict." Yet Plaintiff only ordered the direct examination of the Plaintiff himself (Doc. 201). Belatedly, Plaintiff narrowed the scope of his appeal to the granting of the motion for judgment as a matter of law on the state negligence claim and the granting of fees and costs (Doc. 204). He now contends that only the direct examination of Plaintiff, and witnesses Dean and Marcie Smith are necessary on the negligence claim. Defendants contend that, except for transcripts previously ordered, all trial transcripts are necessary.

///

Our granting of the motion for judgment as a matter of law on the state negligence claim was based on the undisputed Arizona law that where there is no evidence that Defendants' conduct caused the underlying mental condition that caused the attempted suicide, the attempted suicide breaks the chain of proximate causation. There was simply no evidence in this case to support a finding that Defendants caused Plaintiff's pre-existing, underlying mental condition. The whole reason that Defendants came to the house was because Plaintiff was delusional, suicidal and frightening.

This is a state law issue. The issue is settled in Arizona. Neither we nor the circuit are free to tinker with Arizona law. And, because it is settled, certification was neither sought nor appropriate. I therefore regard the appeal as misguided. Changes in Arizona law should begin and end in the Arizona courts.

Plaintiff should order and pay for any transcript that relates in any way to causation and Plaintiff's mental state before, during and after the arrival of the police, whether Plaintiff intends to rely on it or not. I cannot tell, at this point, what that is. It would include, at a minimum, the full transcript of Plaintiff's own examination, Dean and Marcie Smith, Dr. Beckson, the officers on the scene, and Plaintiff's mother, Susan Noble. After Plaintiff's opening brief is filed, Defendants will know what other portions of the transcript they will need in addition to those ordered by Plaintiff. If Defendants cite and rely on any portion of the transcripts not paid for by Plaintiff, Plaintiff shall pay for those transcripts as well.

It is therefore ORDERED GRANTING in part Defendants' Motion for Payment of Transcripts (Doc. 203). Plaintiff shall pay for the transcripts identified above and any additional transcripts cited in Defendant's answering brief in the court of appeals.

DATED this 18th day of December, 2017.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge