**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRANDON SMITH, | No.   17-16820 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-02391-FJM |
| v. | |
| CITY OF CHANDLER; KEITH SMITH, Officer #616, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted July 15, 2019
San Francisco, California

Before: PAEZ and RAWLINSON, Circuit Judges, and HUCK,[**] District Judge.

This appeal arises out of Plaintiff-Appellant Brandon Smith's state law negligence claim against the City of Chandler, Arizona (the "City"). He alleges that injuries he sustained by his suicide attempt during an encounter with the City's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

police officers resulted from Officer Keith Smith negligently disregarding his professional training on how to deal with emotionally disturbed, potentially suicidal persons. Appellant appeals the district court's decision granting judgment as a matter of law on Appellant's negligence claim in favor of the City.[1] The district court granted the City's post-trial motion for judgment as a matter of law because it concluded that the Appellant's suicide attempt constituted, under Arizona law, an intervening, superseding cause of Appellant's injuries. We reverse and remand for further proceedings.

A district court's grant of judgment as a matter of law is reviewed *de novo*. *See Krechman v. Cty. of Riverside*, 723 F.3d 1104, 1109 (9th Cir. 2013). "In doing so, we 'view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor.'" *Id.* (quoting *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009)). A district court may grant a motion for judgment as a matter of law only "if 'a party has been fully heard on an issue and there is no legally sufficient basis for a reasonable jury to

---

[1] Appellant originally proceeded to trial on a federal claim under 42 U.S.C. § 1983 against Officer Smith and a negligence claim under Arizona law against the City. At the close of Appellant's case, Smith and the City moved for judgment as a matter of law on the claims. The district court denied the motion without prejudice. The jury found for Smith on the section 1983 claim but failed to reach a verdict on the negligence claim. The district court declared a mistrial on the negligence claim. The City then renewed its motion for judgment as a matter of law on the negligence claim.

find for that party on that issue.'" *Jorgensen v. Cassiday*, 320 F.3d 906, 917 (9th Cir. 2003) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000)).

Here, the district court, misinterpreting three Arizona decisions, erroneously held that, as a matter of Arizona law, Appellant's suicide attempt superseded the City's alleged negligence as the cause of Appellant's injuries because Officer Smith did not cause Appellant's underlying mental condition. The district court concluded, as a matter of Arizona law, that a suicide is a superseding cause "unless the defendant's conduct caused the mental condition from which the attempted suicide arose . . . ." In other words, the district court concluded that Arizona law required the Appellant to show that the City caused Appellant's underlying mental illness in order to hold the City liable for his suicide attempt.

There is no such requirement. Under Arizona law, causing a plaintiff's underlying mental illness is merely one basis for holding a defendant liable for a plaintiff's suicide. *See Maricopa Cty. v. Cowart*, 471 P.2d 265, 267–68 (Ariz. 1970); *Pompeneo v. Verde Valley Guidance Clinic*, 249 P.2d 1112, 1113–15 (Ariz. Ct. App. 2011); *Tucson Rapid Transit Co. v. Tocci*, 414 P.2d 179, 184–86 (Ariz. Ct. App. 1966). Contrary to the district court's interpretation of these three cases, no Arizona case establishes that suicide is a superseding cause *unless* the defendant caused the underlying mental illness.

The district court failed to analyze Appellant's claim under applicable Arizona tort law relating to applicable duty and foreseeability concepts. Under Arizona law, whether an event constitutes an intervening, superseding cause of a plaintiff's injuries depends on whether the intervening event was a foreseeable risk of the negligence the defendant was under a duty to avoid. *See Tocci*, 414 P.2d at 183–84. Whether an event constitutes a superseding cause is ordinarily a question of fact for the jury to decide. *See Pompeneo*, 249 P.2d at 415. Here, Appellant's evidence presented a factual issue of whether Appellant's suicide attempt was foreseeable. When Appellant's stepmother called the City police, she informed the dispatcher that Appellant was suicidal and had previously been on a suicide watch. The call was dispatched to the officers as a suicidal subject call. At oral argument, the City acknowledged that Officer Smith had received specific training on how to deal with emotionally disturbed persons, he knew Appellant was such an emotionally disturbed person with the potential to commit suicide, and he was under a legal duty to treat Appellant accordingly. Under these facts, a jury could reasonably find that Officer Smith was under a legal duty to follow his training relating to dealing with an emotionally disturbed, suicidal person, and could foresee that violating the training could lead the Appellant to attempt suicide.

Accordingly, we reverse the district court's grant of judgment as a matter of law. Because we reverse the judgment as a matter of law, we also vacate the

5

court's award of attorneys' fees and non-taxable costs.

**REVERSED** and **REMANDED.**

FILED
DEC 11 2019
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Smith v. City of Chandler,* Case No. 17-16820
**Rawlinson, Circuit Judge, concurring in part and dissenting in part:**

Although I agree with the majority that the award of attorneys' fees to the defendants should be reversed, I respectfully disagree that the district court erred in granting judgment as a matter of law in favor of the City. In my view, the district court's ruling was consistent with Arizona precedent.

In *Tucson Rapid Transit Co. v. Tocci*, 414 P.2d 179, 183 (Ariz. Ct. App. 1966), the Arizona Court of Appeals noted the general rule that "a person will not be relieved of liability by an intervening force which could reasonably have been foreseen." The court specifically acknowledged that if the "intervening force takes the form of suicide the practically unanimous rule is that such act is a new and independent agency which does not come within and complete a line of causation from the wrongful act to the death." *Id.* In that circumstance, the court explained, the defendant would not be "liable for the suicide." *Id.* (quoting 11 A.L.R.2d 751, 757 (1950)).

The court also relied upon the Restatement (Second), Torts § 455 (1965), for the proposition that unless the "actor's negligent conduct . . . brings about the delirium or insanity of another," the negligent actor is not "liable for harm done by the other to himself while delirious or insane." *Id.* at 184. The district court's

1

ruling was consistent with this analysis.

In a similar vein, the Arizona Court of Appeals ruled in *Pompeneo v. Verde Valley Guidance Clinic*, 249 P.3d 1112, 1114 (Ariz. Ct. App. 2011) that its prior ruling in *Tocci* precluded liability on the part of a mental health clinic for an unsuccessful suicide attempt by the plaintiff. The court held that *Tocci* was "directly applicable to [Plaintiff's] claim." *Id.* at 1115. Despite the allegations that his attempted suicide was caused by the clinic's negligence, the court observed that the plaintiff "presented no facts to challenge the contention that his attempted suicide was volitional." *Id.* Because the attempted suicide was intentional, "his actions constituted a supervening cause as a matter of law." *Id.*

A third Arizona case supports the district court's decision. In *Maricopa Cty. v. Cowart*, 471 P.2d 265, 267 (Ariz. 1970) (in banc), the Arizona Supreme Court cited *Tocci* and reiterated:

> [T]he almost universal rule is that the suicide by the injured party is a superseding cause which is neither foreseeable nor a normal incident of the risk created and therefore relieves the original actor from liability for the death resulting from the suicide.

Nothing about the facts of this case takes it outside the holdings of these three Arizona cases, namely that suicide or attempted suicide is not foreseeable and constitutes an intervening event precluding liability under a negligence theory of

2

liability. Trial testimony established that the officers were not the cause of Plaintiff's suicidal state. Admittedly, Officer Hawkins yelled for Plaintiff to drop the knife, but Plaintiff had already placed the knife to his neck at that point. Plaintiff had a long history of making suicidal threats, of polysubstance abuse, and of self-mutilation. Plaintiff's mother informed the officers that Plaintiff was suicidal on that night and "wanted to hurt himself." Plaintiff himself testified that he "wanted to die" and "was glad" when he stabbed himself in the neck. Finally, the jury absolved the City and the officers of all liability for excessive force. Under these circumstances, the district court correctly applied Arizona negligence law in concluding that Plaintiff's intentional, attempted suicide was an intervening cause of his injuries. *See id.*

    I would affirm the judgment of the district court.