**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Smith,<br><br>    Plaintiff,<br><br>v.<br><br>City of Chandler, et al.,<br><br>    Defendants. | No. CV-12-02391-PHX-FJM<br><br>**ORDER** |

We held a status conference to discuss the options available on remand. This court's final judgment pursuant to a jury verdict in favor of former defendant Keith Smith and against the plaintiff Brandon Smith on plaintiff's Fourth Amendment claim (the federal claim) remains undisturbed. But the judgment in favor of the defendant City of Chandler and against the plaintiff Brandon Smith on plaintiff's negligence claim (the state claim) has been remanded. All that is left is the state claim.

We discussed trial scheduling and settlement. But we also discussed the dismissal of the state claim so that it could be tried in state court. This court has supplemental jurisdiction over the state claim under 28 U.S.C. §1367, but has discretion under subsection 1367(c) to decline to exercise supplemental jurisdiction over the state claim, where a novel issue of state law is raised, the state claim predominates over the federal claim, the federal claim has been dismissed, or for other compelling reasons. Although any one of these conditions would be sufficient to dismiss, here all statutory conditions counsel in favor of resolving the lone surviving state claim in state court.

Whether attempted suicide is a supervening intervening cause that breaks the chain of proximate causation has been a hotly contested issue in this case. Ultimate

resolution of this issue by the Arizona courts, unlike resolution in this court and the court of appeals, would be authoritative.

Now that the federal claim is merged in the final judgment, the sole remaining state claim obviously predominates.

And, most importantly, the federal claim has gone to final judgment and is no longer subject to further judicial review.

It could be said that the interests of judicial efficiency would be served by keeping the state claim for re-trial. After all, discovery is closed and all that remains is the resolution of new dispositive motions (the defendant proposes to file one under state substantive law) and trial. But the state court can do the same. Moreover, the opportunity to get an authoritative ruling on the substantive state law issue is compelling.

Plaintiff supports dismissal so his state law claim can be tried in state court. The defendant prefers to stay here, but is open to dismissal and acknowledges that as long as plaintiff files his state law negligence claim in state court within 30 days of dismissal, the period of limitations is tolled under 28 U.S.C. §1367(d).

Balancing all the interests and conditions, we conclude that declining to exercise supplemental jurisdiction over the sole remaining state law negligence claim against the defendant would promote the wise use of federal resources, comity, the interests of federalism, and give the parties an opportunity to obtain an authoritative ruling on any state law substantive issue that separates them.

Accordingly, it is ORDERED DISMISSING WITHOUT PREJUDICE plaintiff Brandon Smith's negligence claim against the defendant City of Chandler.

All the claims of all the parties having been resolved, the Clerk is directed to enter a final judgment.

Dated this 28th day of January, 2020.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge